UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
ROBERT L. WARREN,

        Plaintiff,

        -against-

NYPD OFFICER ELIZABETH
FORTUNADO of the 111th Pct., et al.,

        Defendants.
------------------------------------------------X

No. 08-CV-3310

MEMORANDUM & ORDER

TOWNES, United States District Judge:

    Plaintiff Robert Warren brought this action *pro se* alleging that he was falsely arrested on June 14, 2006 by police officer Elizabeth Fortunado for being present at a location prohibited by an order of protection issued by the Queens County Family Court. He asserted that he was never present at the location and that Officer Fortunado fabricated the grounds for his arrest. On December 16, 2008, Defendant moved to dismiss the Complaint. In a Memorandum & Order dated June 17, 2009, the Court converted the motion to a motion for summary judgment and granted summary judgment in Defendant's favor. (*See* Docket No. 42.) The Court reasoned that Plaintiff's guilty plea for the charge that arose from Officer Fortunado's arrest was fatal to his false arrest claim. (*See id.*) A judgment was entered on June 19, 2009, dismissing Plaintiff's action. (Docket No. 43).

    Nearly eight months after summary judgment was granted dismissing his complaint, Plaintiff filed a motion for reconsideration. Plaintiff states that he was "very hurt" by the Court's decision because he "went to jail . . . for no apparent reason." (Docket No. 44). He claims that he was not guilty of the crime he pled guilty to and was "fearing for [his] life" when he made the

1

guilty plea. (*Id.*) Plaintiff's motion is both untimely and without merit. In June 2009, when summary judgment was granted in favor of Defendant, Local Civil Rule 6.3 provided:

> A notice of motion for reconsideration or reargument *of a court order determining a motion* shall be served within ten (10) days after *the entry* of the court's determination of the original motion, *or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment.*

(emphasis in original).[1] Additionally, Fed. R. Civ. P. 59(e) provided that a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."[2] Plaintiff's motion for reconsideration, filed almost eight months after summary judgment was granted is clearly untimely under either Local Civil Rule 6.3 or Fed. R. Civ. P. 59(e). Moreover, the motion is without merit.

A motion for "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff has not pointed to any factual or legal matter that could change the disposition of the motion for summary judgment. Accordingly, Plaintiff's motion for reconsideration (Docket No. 44) is DENIED.

SO ORDERED.

Dated: April /2, 2010
Brooklyn, New York

/S/
/SANDRA L. TOWNES, U.S.D.J.

---

[1] Local Civil Rule 6.3 has since been amended to change the time limitation from ten to fourteen days.

[2] This rule was amended effective December 1, 2009 to extend the time for filing such a motion to twenty-eight days after a judgment is entered.